IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| LAVADES LAMONT MCKIVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 114-007 |
| ) | |
| CLIFF HENSLEY, Owner, C&A Mobile ) | |
| Repair Service, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff brought the above-captioned case pursuant to 42 U.S.C. § 2000e alleging discrimination by his employer, Defendant Cliff Hensley. Plaintiff is proceeding *pro se* and *in forma pauperis* ("IFP") in this action. Plaintiff has now filed a motion to compel requesting the Court to take some action regarding the non-compliance of the Defendant. (Doc. no. 11.) As Plaintiff has failed to show proof of service upon Defendant within the thirty days given in the Court's July, 1, 2014 Order, (doc. no. 9), the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to compel be **DENIED**, (doc. no 11), this action be **DISMISSED** without prejudice for failure to timely effect service, and this civil action be **CLOSED**.

On June 10, 2014, the Court directed Plaintiff to show cause as to why he had not served Defendant in the 120-day period given for service of process. (Doc. no. 7.) The Court gave Plaintiff fourteen days to explain the reasons for the delay and why the case should not be dismissed. (Id. at 2 (citing Fed. R. Civ. P. 4(m)). The Court had previously informed Plaintiff in its instructions that if

Defendants were not timely served within this 120-day period, the Court may dismiss the case. (Doc. no 4.)

On July 1, 2014, the Court granted Plaintiff an extra thirty days to effect service on Defendant. (Doc. no. 9.) This was granted as a result of Plaintiff's confusion over the difference in service of the summons and requests to waive service. (Id. at 2.) Plaintiff had mailed requests to waive service but had made no apparent attempt to actually serve Defendant. (Id.) The Court specifically informed Plaintiff that Defendant was not required to waive service of the summons and that it was Plaintiff's duty to ensure service under the Federal Rules of Civil Procedure. (Id.) The Court then pointed Plaintiff to Fed R. Civ. P. 4(c) & (e) for instructions on how to properly effect service. (Id.)

Plaintiff now requests the Court to take some action regarding the non-compliance of the Defendant. (Doc. no. 11.) Plaintiff alleges that he has submitted "timely documentation containing summons forms to the Defendant, Cliff Hensley." (Id.) However, Plaintiff has only submitted documentation that a waiver of service form was delivered to Defendant's address. (Doc. no. 10.) The Court has previously explained to Plaintiff on two occasions that requesting waiver of service is distinct from actually serving Defendant. (Doc. no. 9, p. 2; doc. no. 4, p. 2.) Thus, Plaintiff has failed to comply with the Court's July 1, 2014 Order and has shown no proof that service has been effected upon Defendant.

Rule 4(m) empowers courts to extend the time for service with no predicate showing of good cause. Henderson v. United States, 517 U.S. 654, 662-63 (1996); Horenkamp v. Van Winkle & Co., 402 F.3d 1129, 1132 (11th Cir. 2005) (permitting extension of 120-day service period, even in absence of good cause). Thus, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an

extension of time based on the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007).

Here, Plaintiff has not shown good cause for failing to timely effect service or comply with the Court's July 1, 2014 Order, and the Court finds that no other circumstances warrant an extension of the service period. Accordingly, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion to compel be **DENIED**, (doc. no 11), this action be **DISMISSED** without prejudice for failure to timely effect service, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of October, 2014, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA